DAVID SEROR, SBN 67488
CHAPTER 7 TRUSTEE
9401 WILSHIRE BLVD., NINTH FLOOR
BEVERLY HILLS, CALIFORNIA 90212
Tel: 310\ 273-6333
Fax: 310\ 859-2325
serortrustee@ecjlaw.com

Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>MICHAEL ALLEN KAY,<br><br>Debtor. | Case No. 1:08-bk-19247-KT<br><br>Chapter 7<br><br>**MOTION FOR ORDER APPROVING SALE OF PERSONAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID SEROR IN SUPPORT THEREOF**<br><br>Date: December 14, 2010<br>Time: 10:00 a.m.<br>Ctrm: "301"<br>      21041 Burbank Boulevard<br>      Woodland Hills, CA 91367 |

**TO: THE HONORABLE KATHLEEN THOMPSON, UNITED STATES BANKRUPTCY JUDGE; THE UNITED STATES TRUSTEE; AND ALL OTHER INTERESTED PARTIES:**

David Seror, the Successor Chapter 7 Trustee (the "Trustee") of the above-captioned bankruptcy estate (the "Estate") of debtor Michael Allen Kay ("Debtor"), respectfully moves this Court, pursuant to 11 U.S.C. §§ 105, 363 and 365, for an Order Approving Sale of Personal Property Free and Clear of Liens, Claims and Encumbrances.

IDOCS:80160.143:1127798.1

The property to be sold pursuant to this Motion is the Estate's interests in P. Kay Metal, Inc. ("PKM") to be purchased by PKM; the Estate's interest in MS2 Technologies, LLC ("MS2") to be purchased by MS2; and the Estate's interests in the Michael Kay Irrevocable Trust (the "Trust"). PKM and MS2 are collectively referred to herein as the "Purchasers". Collectively the assets to be sold are referred to herein in as the Property. The Property is identified in Debtor's First Amended Schedule "B" filed February 2, 2009. Debtor listed the value of the Property as "Unknown". A true copy of Debtor's Amended Schedule "B" is attached hereto as Exhibit 1[1].

In his Amended Schedule "B", Debtor claimed a 13.8% stock ownership interest in PKM; a 7% stock interest in MS2; and, that the Trust owns approximately a 7% of MS2 and has approximately $821 in a bank account.

Debtor has asserted an exemption in the amount of $15,495.38 in the Estate's interest in PKM and MS2. A true copy of Debtor's Amended Schedule "C" is attached hereto as Exhibit 2.

The sale of the Property shall be free and clear of liens, claims, interests and encumbrances, if any (though the Trustee is unaware of any secured claims against the Property), and sold on an "AS-IS, WHERE-IS", without representations or warranties of any kind. In the event it is later discovered that the Property is subject to any claim, lien or encumbrance, then Purchasers are acquiring the Property subject to such claim, lien or encumbrance.

The Purchasers have agreed to purchase the Property for $28,000 (the "Purchase Price"), which for purposes of the Motion the Trustee has allocated $1,079 for the Estate's interest in PKM; $13,000 for the Estate's interests in MS2; and $13,921 for the Estate's interest in the Trust.

This Motion is made and based upon the moving papers, the attached Memorandum of Points and Authorities, the Trustee's Declaration, the arguments and representations of counsel and any oral or documentary evidence presented at the time of the hearing.

/ / /

/ / /

---

[1] The Court is respectively requested to take judicial notice of Debtor's Schedules pursuant to Rule 401 of the Federal Rules of Evidence.

1  **WHEREFORE,** the Trustee respectfully requests that the Court enter an Order:

2  (a)  Granting the Motion;

3  (b)  Approving the above sale of the Property to PKM and MS2, on the terms and
4  conditions set forth herein; and

5  (c)  Granting such other and further relief as the Court deems just and proper.

6  Dated: November 12, 2010

_____
DAVID SEROR
Chapter 7 Trustee

Case 1:08-bk-19247-KT    Doc 61    Filed 11/12/10    Entered 11/12/10 16:12:19    Desc
Main Document    Page 4 of 17

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

On November 8, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code commencing the Case and upon the filing thereof, David R. Hagen was appointed Chapter 7 Trustee. On May 5, 2010, Mr. Hagen resigned as Trustee, and on June 15, 2010, David Seror was appointed Successor Trustee.

## II.

## THE SALE

The Trustee seeks authority to sell the Estate's interest in PKM. to P.Kay; the Estate's interest in MS2 to MS2; and the Estate's interests the Trust to MS2.

In his Amended Schedule "B", Debtor claimed a 13.8% stock ownership interest in PKM; a 7% stock interest in MS2; and, that the Trust owns approximately a 7% of MS2 and has approximately $821 in a bank account.

Debtor has asserted an exemption in the amount of $15,495.38 in the Estate's interest in PKM and MS2.

The sale of the Property shall be free and clear of liens, claims, interests and encumbrances, if any (though the Trustee is unaware of any secured claims against the Property), and sold on an "AS-IS, WHERE-IS", without representations or warranties of any kind. In the event it is later discovered that the Property is subject to a claim, lien or encumbrance, then, Purchasers are acquiring the Property subject to such claim, lien or encumbrance.

The Purchasers have agreed to purchase the Property for $28,000 (the "Purchase Price"), which for purposes of the Motion the Trustee has allocated $1,079 for the Estate's interest in PKM; $13,000 for the Estate's interests in MS2; and $13,921 for the Estate's interest in the Trust.

The Trustee believes that the Purchase Price offered by Purchasers is the highest and best offer for the Property, considering current market conditions for the type of Property being sold (minority interest in closely held entities).

The Trustee has no relationship to or with the Purchasers and is not related to Purchasers in any manner. The Trustee has reviewed the Debtor's schedules and the claims register and claims filed in the Case. The Trustee believes that Purchasers are good faith purchasers. The Trustee and Purchasers negotiated at "arms-length."

The Trustee has been provided with all requested information necessary to satisfy himself that the immediate sale of the Property to Purchasers is in the best interest of the Estate.

### III.

### THE SALE IS IN THE BEST INTERESTS OF THE ESTATE AND ITS CREDITORS

Bankruptcy Code §§ 363(b) and (f) allow for the sale of the Property outside the ordinary course of business after notice and the opportunity for a hearing, and further allows the sale free and clear of any interest and liens, claims and encumbrances.

In the instant case, the Trustee proposes to sell the Property for the Purchase Price of $28,000.

**A. Notice of the Sale is Adequate.**

The Trustee is serving notice of the sale on the Debtor, the Debtor's counsel, the Office of the United States Trustee, all creditors, Purchasers and their counsel, and all other interested parties.

**B. Purchasers Should Be Deemed "Good Faith Purchasers" Pursuant to 11 U.S.C. § 363(m).**

11 U.S.C. § 363(m) provides:

> "The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal."

A good faith buyer "is one who buys 'in good faith' and 'for value." Ewell v. Diebert (In re Ewell), 958 F.2d 276, 281 (9th Cir. 1992) (citing In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143, 147 (3d Cir. 1986)). "[L]ack of good faith is [typically] shown by 'fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.'" Id. (quoting Community Thrift & Loan v. Suchy (In re Suchy), 786 F.2d 900, 902 (9th Cir. 1985)).

In the instant case, Purchasers are buying in good faith, and they have not colluded with the Trustee or anyone else regarding the subject sale. The anticipated sale of the Property has been negotiated with the Purchasers in "arm's-length" discussions. Moreover, the Trustee is using his objective business judgment to decide the fair market value of the Property after reviewing all documents necessary to make such determination.

The Purchase Price is the highest and best offer the Trustee has received and it is the only offer the Trustee has received. Based on such facts and circumstances, the Trustee believes that this Court can properly determine the Purchasers as a "good faith purchaser" pursuant to 11 U.S.C. § 363(m).

## IV.

## CONCLUSION

WHEREFORE, the Trustee requests that the Court enter an order providing that:

(a) Granting the Motion in its entirety;

(b) Approving the sale of the Property on the terms and conditions set forth herein

(c) Finding that Purchaser is a "good faith purchaser" entitled to the protection of Bankruptcy Code §363(m)., and,

(d) Granting such other and further relief as is just and appropriate.

Dated: November 12, 2010

_____
DAVID SEROR
Chapter 7 Trustee

## DECLARATION OF DAVID SEROR

I, David Seror, declare as follows:

1.  I am an attorney authorized and licensed to practice before this Court, and I am the duly appointed, qualified and acting Successor Chapter 7 bankruptcy trustee of the above-captioned chapter 7 case. I make this Declaration on facts within my personal knowledge, or upon documents maintained by me in the normal course of business, or from the Court's docket. If called upon to do so, I would and could competently testify as to all facts contained herein.

2.  On November 8, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code commencing the Case, and upon the filing thereof, David R. Hagen was appointed Chapter 7 Trustee. On May 5, 2010, Mr. Hagen resigned as Trustee, and on June 15, 2010, I was appointed Successor Trustee.

3.  On February 2, 2009, the Debtor filed his Amended Schedules "B" and "C". True and correct copies of the Debtor's First Amended Schedule "B" and First Amended Schedule "C" are attached hereto as Exhibits "1" and "2", respectively.

4.  I propose to sell the Estate's interest in PKM Metals, Inc ("PKM.") to PKM; the Estate's interest in MS2 Technologies, LLC ("MS2") to MS2; and the Estate's interests in the Michael Kay Irrevocable Trust (the "Trust") to MS2. PKM and MS2 are collectively referred to herein as the "Purchasers". The Purchase Price for these items is $28,000. In his Amended Schedule "b", Debtor valued these items as "Unknown".

5.  Also in his Amended Schedule "B":
    - Debtor claimed a 13.8% stock ownership interest in PKM;
    - Debtor claimed a 7% stock interest in MS2; and,
    - Debtor claimed that the Trust owns approximately a 7% of MS2 and approximately $821 in a bank account.

6.  In his Amended Schedule "C" Debtor has asserted an exemption in the amount of $15,495.38 in the Estate's interest in PKM and MS2.

///

MOTION FOR ORDER APPROVING SALE OF PERSONAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

7. The sale of the Property shall be free and clear of liens, claims, interests and encumbrances, if any (although I am unaware of any secured claims against the Property), and sold on an "AS-IS, WHERE-IS", without representations or warranties of any kind. In the event it is later discovered that the Property is subject to a claim, lien or encumbrance, then, Purchasers are acquiring the Property subject to such claim, lien or encumbrance.

8. For purposes of this Motion, I have allocated $1,079 for the Estate's interest in PKM; $13,000 for the Estate's interests in MS2; and $13,921 for the Estate's interest in the Trust.

9. I believe the Purchase Price offered by Purchasers is the highest and best offer for the Property, considering current market conditions for the type of Property being sold (minority interest in closely held entities).

10. I have no relationship to or with the Purchasers and I am not related to Purchasers in any manner. I have reviewed the Debtor's schedules and the claims register and claims filed in this case. I believe .Purchasers are good faith purchasers. This transaction was negotiated at arms length between counsel for Purchasers and me.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ___12___ day of November, 2010, at Beverly Hills, California.

_____
DAVID SEROR

**EXHIBIT "1"**

B6B (Official Form 6B) (12/07)

In re  **Michael Allen Kay**                                                    Case No.  **1:08-bk-19247**
                                           Debtor

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | **Cash on hand** | - | 75.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Washington Mutual Bank  Checking account** | - | 607.95 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **At 2669 S. Barrington Ave #102, Los Angeles, CA 90064 (home of Ben Chou):**<br><br>**Panasonic 50" Plasma TV, 32" Plasma TV, Treadmill, Leather sofa, coffee table and end tables, 2 Complete Bedroom Set, Scuba Gear (including a digital underwater camera and a diver's watch), bose surround sound system, stainless steel refrigerator, Kitchen items (utensils, toaster, coffee maker), 5-6 paintings, loveseat type sofa, 2 dvd players, Sony Playstation 3, Xbox 360, lamps, and miscellaneous other furniture.**<br><br>Retail Value $23,000.<br><br>**In Debtor's possession:**<br><br>Cmputer ($300), ipod ($400), bedding ($200). | -<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>- | Unknown<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>900.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Clothing and suits, retail value $6000-$8000** | - | Unknown |

                                                                                Sub-Total >        **1,582.95**
                                                                              (Total of this page)

  **3**  continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  Michael Allen Kay                                              Case No.  1:08-bk-19247
                            Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 7. Furs and jewelry. | | Kenneth Cole Watch<br>18k gold bracelet (retail $600)<br>Gold ring with Initials MK -- Bar Mitzvah Present<br>14k gold necklace | - | Unknown |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Debtor is the insured under a life insurance policy owned by Pkay Metal. Pkay Metal is the owner of the policy, which has a cash value of approximately $14,500. | - | 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | 13.8% stock ownership of Pkay Metal, Inc.<br>7% stock of MS2 Technologies, Inc. | - | Unknown |
| | | Right to receive between 50% and 100% of Adjusted Gross Receipts from the film project "MANEATER" | - | Unknown |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |

Sub-Total >    0.00
(Total of this page)

Sheet  1  of  3  continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re  **Michael Allen Kay**  
                        Debtor

Case No. **1:08-bk-19247**

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | | **Michael Kay Irrevocable Trust, which owns approximately 7% of MS2, Technology, Inc. and approximately $921 in bank account.** | - | **Unknown** |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |

Sub-Total >   **0.00**  
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached  
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **Michael Allen Kay**                                                    Case No.  **1:08-bk-19247**
_____
                        Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | **A $3500 cashier's check obtained by debtor pre-petition, and which constituted Debtor's capital contribution made on 10/2/08 to MS2 LLC, has been returned to debtor. Said funds were provided by Sharon Kay on 10/2/08, and were earmarked exclusively for use as a capital contribution to MS2. It is debtor's belief that said funds are property of Sharon Kay.** | - | Unknown |
| | | **Auto insurance refund received post-petition from Liberty Mutual.** | - | 2,146.67 |

Sub-Total >    **2,146.67**
(Total of this page)
Total >    **3,729.62**

Sheet  **3**  of  **3**  continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

**EXHIBIT "2"**

B6C (Official Form 6C) (12/07)

In re  **Michael Allen Kay**  
_____  
Debtor

Case No. __1:08-bk-19247__

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:  
(Check one box)  
☐ 11 U.S.C. §522(b)(2)  
☒ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $136,875.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---:|---:|
| **Cash on Hand** | | | |
| Cash on hand | C.C.P. § 703.140(b)(5) | 75.00 | 75.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Washington Mutual Bank Checking account | C.C.P. § 703.140(b)(5) | 607.95 | 607.95 |
| **Household Goods and Furnishings** | | | |
| In Debtor's possession: | C.C.P. § 703.140(b)(3) | 900.00 | 900.00 |
| Cmputer ($300), ipod ($400), bedding ($200). | | | |
| **Wearing Apparel** | | | |
| Clothing and suits, retail value $6000-$8000 | C.C.P. § 703.140(b)(3) | 100% | Unknown |
| **Stock and Interests in Businesses** | | | |
| 13.8% stock ownership of Pkay Metal, Inc. 7% stock of MS2 Technologies, Inc. | C.C.P. § 703.140(b)(5) | 15,495.38 | Unknown |
| **Other Personal Property of Any Kind Not Already Listed** | | | |
| A $3500 cashier's check obtained by debtor pre-petition, and which constituted Debtor's capital contribution made on 10/2/08 to MS2 LLC, has been returned to debtor. Said funds were provided by Sharon Kay on 10/2/08, and were earmarked exclusively for use as a capital contribution to MS2. It is debtor's belief that said funds are property of Sharon Kay. | C.C.P. § 703.140(b)(5) | 3,500.00 | Unknown |
| Auto insurance refund received post-petition from Liberty Mutual. | C.C.P. § 703.140(b)(5) | 2,146.67 | 2,146.67 |
| | Total: | 22,725.00 | 3,729.62 |

__0__ continuation sheets attached to Schedule of Property Claimed as Exempt

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

| In re: Michael Allen Kay | CHAPTER: 7 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:08-19247 KT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 9401 Wilshire Boulevard, 9th Floor, Beverly Hills, California 90212

A true and correct copy of the foregoing document described as MOTION FOR ORDER APPROVING SALE OF PERSONAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID SEROR IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On November 12, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On November 12, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 12, 2010 | Kimberly Anthony | /s/ Kimberly Anthony |
|---|---|---|
| Date | Type Name | Signature |

IDOCS:80160.143:1116712.1

| In re:<br>Michael Allen Kay        Debtor(s). | CHAPTER: 7<br>CASE NUMBER: 1:08-bk-19247 KT |
|---|---|

**ADDITIONAL SERVICE INFORMATION (if needed):**

**I.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Carolyn A Dye on behalf of Plaintiff Keye Chow - trustee@cadye.com
Lee David Lubin on behalf of Counter-Claimant Michael Kay - Leelubin@aol.com
United States Trustee (SV) - ustpregion16.wh.ecf@usdoj.gov

**II.    SERVED BY U.S. MAIL OR OVERNIGHT MAIL -** VIA U.S. MAIL

Hon. Kathleen Thompson
U.S. Bankruptcy Court
21041 Burbank Blvd. #305
Woodland Hills, CA 91367

Debtor
Michael Allen Kay
25550 Prado De Las Bellotas
Calabasas, CA 91302

Attorneys for Purchasers
Craig G. Margulies
The Margulies Law Firm
16030 Ventura Blvd. #470
Encino, CA 91436

IDOCS:80160.143:1116712.1